UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                              ) | |
|           Plaintiff,         ) | |
|                              ) | |
| v.                           ) | Cause No. 1:13-cr-0012-JMS-DML-01 |
|                              ) | |
| TODD BOLYARD,                ) | |
|                              ) | |
|           Defendant.         ) | |

**REPORT AND RECOMMENDATION**

On February 5, 2016 and March 15, 2016, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on January 19, 2016.  Defendant Bolyard appeared in person with his appointed counsel William Dazey.  The government appeared by Matthew Lasher, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant Bolyard of his rights and ensured he was provided a copy of the petition.  Defendant Bolyard waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant Bolyard admitted violations 1 through 5. [Docket No. 35.]

    3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall refrain from unlawful use of a controlled substance.** |

   As previously reported to the Court, Mr. Bolyard submitted a urine sample on August 7, 2015, which tested positive for cocaine, on September 26, and November 9, 2015, he submitted diluted urine samples which tested positive for cocaine.

   On November 10, 2015, the offender again submitted a urine sample which tested positive for cocaine. On November 23, 2015, and December 25, 2015, he submitted urine samples at Volunteers of America (VOA) collected under the Bureau of Prisons program, and tested by the Redwood Toxicology Laboratory, which tested positive for cocaine. Urine samples collected on January 3, 8, and 13, 2016, were negative for illicit substances.

   Mr. Bolyard has been confronted by the probation officer regarding his substance use. He admitted to cocaine use in August 2015, November 2015, and most recently on December 25, 2015. He attributes his relapses to a long term drug addiction since the 1990s.

| | |
|---|---|
| 2 | **The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay.** |

   As previously reported to the Court, the offender failed to report to VOA for urinalysis testing on August 6, September 6, September 8, October 7, and November 8, 2015. He has an outstanding balance toward his substance abuse co-payment in the amount of $205, and he has made little effort to satisfy this debt.

| | |
|---|---|
| 3 | **The defendant shall pay any fine that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.** |

   As of the date of the filing of this report, Mr. Bolyard has a fine balance in the amount of $740. He has not made consistent monthly payments toward this debt as instructed.

4         **The defendant shall participate in a program of treatment for sexual disorders and shall comply with the rules of the treatment program. The defendant shall pay a portion of the costs in accordance with his ability to pay. The Court authorizes the release of the presentence report and available psychological records to the treatment provider, as approved by the probation officer.**

        As previously reported to the Court, the offender was terminated from the psychosexual treatment program at the Indianapolis Counseling Center (ICC) for violating the agency's attendance policy on August 15, 2015, and again on September 5, 2015. On October 8, 2015, he met with the probation officer, as well as the probation officer's supervisor, at which time the expectations of his compliance with the attendance policy at ICC was discussed. Despite the meeting, Mr. Bolyard missed additional psychosexual treatment sessions at ICC on October 3, 10, 31, and November 7, 2015. When confronted by the probation officer, he said he had no excuse for not attending "Other than I dread going. . . I hate it."

        Since the last report was filed with the Court on November 13, 2015, the offender has missed additional psychosexual group treatment sessions at ICC on November 21, December 26, 2015, and January 2, 2016.

5         **The defendant shall reside for a period of 120 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility.**

        On December 24, 2015, an Incident Report was filed against Mr. Bolyard by staff at the VOA alleging he escaped from the facility when he had not returned at his scheduled time. On that day, he signed out of the facility for work at 7:45 a.m. and was to return by 9:00 p.m. However, as of 10:00 p.m., he had not returned and staff were not able to make contact with him via telephone, through his employer, or through relatives. At some point, the offender returned to VOA on the next day, and a second Incident Report was filed against him. On December 25, 2015, it was alleged he got into an altercation with another resident after accusing the person of stealing money from him. Reportedly, the offender yelled and cursed at the other resident, "got into his face, "pushed him in the face, and then went into a bathroom, where he broke a broom stick in half before attempting to chase the resident with it. Mr. Bolyard attributes his behavior to not taking his psychotropic medication for "a couple of days and coming down from a drug high." On December 29, 2015, he told a supervisory probation officer he returned to VOA on December 25, 2015, at approximately noon, after signing out of the facility to go to work on December 24, 2015 at about 7:40 a.m. However, he did not go to work, but instead he went to his mother's home, and then "went out and used cocaine all night."

3

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The parties jointly recommended modification to Defendant's current conditions of supervised release to include up to an additional 120 days residing at the Volunteers of America.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and recommends that Defendant's supervised release should be **MODIFIED** to provide for an additional period at the Volunteers of America of up to 120 days, at the discretion of the Probation Officer, following the conclusion of his current period of service at the Volunteers of America ending on March 23, 2016.

The parties were notified that the District Judge may reconsider any matter assigned to a Magistrate Judge as set forth in Fed. R. Crim. P. 59(b). The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 25 MAR 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal