UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0012-JMS-DML-1 |
| | ) | |
| TODD BOLYARD, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on April 4, 2016, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on July 6, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On July 6, 2016, defendant Todd Bolyard appeared in person with his appointed counsel, Joseph Cleary. The government appeared by Nicholas Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tasha Taylor, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Bolyard of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Bolyard questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Bolyard and his counsel, who informed the court they had reviewed the Petition and that Mr. Bolyard understood the violations alleged. Mr. Bolyard waived further reading of the Petition.

3. The court advised Mr. Bolyard of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Bolyard was advised of the rights he would have at a preliminary hearing. Mr. Bolyard stated that he wished to waive his right to a preliminary hearing.

4. Mr. Bolyard stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Bolyard executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Bolyard of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Bolyard, by counsel, stipulated that he committed Violation Numbers 6 and 7 set forth in the Petition as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 6 | **"The defendant not commit another federal, state, or local crime."** |

On March 27, 2016, Mr. Bolyard was arrested by the Lawrence, Indiana, Police Department (LPD) and was charged with Count 1, Theft, misdemeanor; Count 2, Resisting Law Enforcement, felony; Count 3, Resisting Law Enforcement, misdemeanor; Count 4, Reckless Driving, misdemeanor; and Part II of Count 1, Theft, felony (an enhancement due to a prior conviction for Theft or conversion). The charges were filed in the Marion County, Indiana, Superior Court 15 under docket number 49G15-1603-F6-011678. On March 31, 2016, the offender pled guilty to County 1, Theft, a felony offense (enhanced); and County 2, Resisting Law Enforcement (use of a vehicle to commit the offense), a felony offense. He was sentenced to 180 days of incarceration at the Marion County Jail. Counts 3 and 4 were dismissed.

According to the Probable Cause Affidavit, on the day of the offender's arrest, officers from the LPD responded to a Wal-Mart Department store in Indianapolis related to a reported theft in progress. While en route to the store, the officers were informed the suspect, later identified as Mr. Bolyard, had fled from the business in a vehicle. An officer later encountered the offender driving his vehicle at a high rate of speed in a residential neighborhood. The officer activated his emergency lights in an attempt to stop the offender's vehicle. However, the offender continued to travel at 50 plus miles per hour through the residential neighborhood. He was later observed parked in his vehicle in a driveway at a residence. The officers approached the vehicle and saw Mr. Bolyard sitting with his driver seat reclined. He was instructed to show the officers his hands, which he instead made "sudden movements toward the passenger seat of his vehicle." At gunpoint, officers then ordered him to place his hands on the steering wheel, which he complied.

Mr. Bolyard was then commanded to "step out of the car, "in which he complied, but began to reach inside the driver seat of his vehicle. He was instructed to show his hands and to "get on the ground." He was told a second time to get on the ground, and warded, if he failed to comply, he would be "tased." The offender instead turned toward the driver seat of his vehicle as if he was attempting to get back into the car. He was then tased in the stomach and chest by an officer. After being tased, Mr. Bolyard got onto the ground and placed his hands under his chest. An officer instructed him to "stop resisting and show us your hands," at which point the offender refused and continued to lay on his arms. An officer initiated a knee strike to the offender's rib cage area, which resulted in his compliance. He was then taken into custody. The loss prevention officer from Wal-Mart arrived

> on the scene, positively identified the offender as the person who attempted to steal four pairs of headphones from the store.

7 **"Effective March 23, 2015, the defendant shall reside for a period of up to 120 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

> On March 27, 2016, the day of his arrest on local charges, the offender was approved by his case manager at the Volunteers of America (VOA) to be away from the facility on a pass to his father's home at 11822 Broadway Street, Indianapolis, Indiana. He was to be transported by his father to and from the facility. He had not been approved to drive a vehicle while a resident at VOA. Also, by being at Wal-Mart during the time of his approved pass, he was considered "out of place on a pass," and was therefore in violation of the rules of the facility.

7. Violations 1 through 5 were addressed in the Report and Recommendation filed on March 25, 2016, and approved on March 31, 2016.

8. The court placed Mr. Bolyard under oath and directly inquired of Mr. Bolyard whether he admitted violations 6 and 7 of his supervised release set forth above. Mr. Bolyard admitted the violations as set forth above.

9. The parties and the USPO further stipulated that:

(a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b) Mr. Bolyard's criminal history category is V.

(c) The range of imprisonment applicable upon revocation of Mr. Bolyard's supervised release, therefore, is 18 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of 12 months followed by 6 months at a Residential Reentry Center. Defendant would continue on supervised release upon release from the Federal Bureau of Prisons. Defendant requested placement at FCI Ashland or USP Marion.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, TODD BOLYARD, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with defendant's existing conditions of supervised release re-imposed, including residing at a Residential Reentry Center for six (6) months.  The defendant is to be taken into immediate custody pending the District Court's action on this report and recommendation.  The court will recommend placement at FCI Ashland or USP Marion.

Counsel for the parties and Mr. Bolyard stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Bolyard entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above report and recommendation revoking Mr. Bolyard's supervised release, imposing a sentence of imprisonment of twelve (12) months with lifetime supervision to follow.  Defendant's existing conditions of supervised release are re-imposed, including residing at a Residential Reentry Center for a period of six (6) months.  The defendant is to be taken into immediate custody pending the District Court's action on this report and recommendation.  The court will recommend placement at FCI Ashland or USP Marion.

IT IS SO RECOMMENDED.

Date:  July 19, 2016

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal