UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00012-JMS-DML |
| | ) | |
| TODD D. BOLYARD, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Presently pending before the Court is an Objection to Report and Recommendation on the Petition for Warrant or Summons for Offender Under Supervision filed by Defendant Todd Bolyard. [Filing No. 86.] For the reasons set forth herein, the Court **OVERRULES** Defendant's Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation as discussed below. [Filing No. 83.]

**I.**
**BACKGROUND**

On November 1, 2012, the Government filed a complaint against Mr. Bolyard for failing to register as a sex offender following his three felony convictions for child molesting in 1997. [Filing No. 1 at 1.] On January 10, 2013, the parties notified the Court that a plea agreement had been reached, [Filing No. 15], which the Court accepted on April 11, 2013, [Filing No. 26]. Mr. Bolyard was sentenced to thirty months of incarceration and to life on supervised release. [Filing No. 27 at 2-3.] During sentencing, the Court advised Mr. Bolyard that the federal sentencing guidelines are "simply advisory, they are not mandatory," and informed him that the Court does not "have to follow them." [Filing No. 62 at 8.] The Court then stated that it would "accept the presentence report as its findings of fact in the case and accept the report for the record under seal."

1

[Filing No. 62 at 17.] The Court subsequently addressed "the statutory sentencing factors" that it was "required to consider," including "the nature and circumstances of the offense and the history and characteristics of the Defendant." [Filing No. 62 at 25-26.] In imposing lifetime supervised release, the Court stated as follows:

> I am going to impose lifetime supervised release, but frankly, I think because of that, you will stay out of prison in the future. It is really not as a form of punishment, it is a way to keep you constantly reminded of what your obligations are and to keep you constantly motivated to comply with the law. So I will state the sentence and then give the parties an opportunity to object.
>
> I feel like in that way I can ensure that you will respect the law. I can ensure that children will be kept safe. I can ensure that parents can know where you are as the sex offender registration enables them to do.

[Filing No. 62 at 27.]

After Mr. Bolyard finished serving his sentence, the U.S. Probation Officer ("USPO") petitioned the Court to modify the conditions of supervision by requiring Mr. Bolyard to reside at a residential reentry center ("RRC"). [Filing No. 33 at 1.] Mr. Bolyard agreed to the modification. [Filing No. 33 at 2.] The USPO stated that Mr. Bolyard had:

- submitted three urine samples that tested positive for cocaine from August through November 2015,
- twice failed to report for urine testing during the same period,
- failed to pay his substance abuse co-payment,
- failed to comply with psychosexual treatment, and
- become delinquent on paying a Court-ordered fine. [Filing No. 33 at 1-2.]

On January 19, 2016 the USPO filed a Petition for Warrant or Summons for Offender Under Supervision. The Magistrate Judge held hearings on February 5 and March 15, 2016, during which Mr. Bolyard admitted to continued cocaine use and to several violations of his conditions

2

of supervision, including failure to report back to the RRC at the appointed time. [Filing No. 44 at 1-3.] As a result, the Magistrate Judge recommended that Mr. Bolyard be required to reside at the RRC for an additional 120 days, [Filing No. 44 at 4], and the Court adopted that recommendation on March 31, 2016, [Filing No. 45].

On April 4, 2016, the USPO filed a Petition for Warrant or Summons for Offender Under Supervision, on which the Magistrate Judge held a hearing on July 6, 2016. [Filing No. 58 at 1.] At the hearing, Mr. Bolyard admitted to violating his conditions of supervision by being arrested on March 27, 2016, and being charged with multiple crimes including theft, reckless driving, and resisting law enforcement, and by failing to abide by the rules of the RRC by driving and being at Walmart. [Filing No. 58 at 3.] As such, the Magistrate Judge recommended that Mr. Bolyard be sentenced to twelve months of incarceration and reside at an RRC for six months. [Filing No. 58 at 6.] The Court adopted the Magistrate Judge's recommendation on August 10, 2016. [Filing No. 59 at 1.]

On June 15, 2017, Mr. Bolyard filed a Motion to Modify Conditions of Release, in which he requested that the Court "modify his conditions of supervised release to no longer require him to attend sex offender treatment but instead to require anger management and mental health treatment." [Filing No. 64 at 2.] The Court granted Mr. Bolyard's Motion in part by adding participation in a mental health treatment program to the conditions of release and staying his request to eliminate attendance in sex offender treatment pending his successful participation in mental health treatment. [Filing No. 68 at 2.]

On February 12, 2019, the USPO filed a Petition for Warrant or Summons for Offender Under Supervision and the Magistrate Judge held a hearing on the Petition on February 21, 2019. [Filing No. 82.] Mr. Bolyard admitted to violating the terms of his supervision by testing positive

3

for cocaine usage four times in 2018 and once in 2019. [Filing No. 83 at 2.] The Magistrate Judge recommended that Mr. Bolyard's supervised release be revoked, and that he be incarcerated for eighteen months with lifetime supervision to follow. [Filing No. 83 at 2-3.]

On March 22, 2019, Mr. Bolyard filed an Objection to the Report and Recommendation of the Magistrate Judge, which is now ripe for the Court's consideration. [Filing No. 86.]

## II.
### STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(b)(3) provides that the Court will review recommendations on dispositive motions *de novo*. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Crim. P. 59(b)(3). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Although no deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*, 1999 WL 527927, *2 (7th Cir. 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the Seventh Circuit Court of Appeals has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id*. Failure to fully develop arguments before the magistrate judge may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id*.

## III.
### DISCUSSION

Mr. Bolyard "objects to the Magistrate's imposition of lifetime supervision on the Defendant after his completion of an 18 month term of imprisonment," and "requests the Court impose no further supervision on the Defendant after his release." [Filing No. 86 at 1.] Mr. Bolyard cites to the Seventh Circuit's decision in *United States v. Goodwin*, which he argues "determined that the proper Guideline range for supervision following a conviction for a failure to register offense is five years and not lifetime supervision." [Filing No. 86 at 3.] Mr. Bolyard notes that the presentence report for his sentencing "incorrectly (though correct at the time until *Goodwin* was decided 3 weeks later) advised the Court that the Guideline recommended lifetime supervision," by relying "on an interpretation of U.S.S.G. § 5D1.2(b) to determine that lifetime supervision is the Guideline recommendation." [Filing No. 86 at 3-4.] Mr. Bolyard argues that a month after he was sentenced, the Seventh Circuit in Goodwin determined that "under §5D1.2, the proper recommended Guideline was not lifetime supervision, but rather a very specific term of five years." [Filing No. 86 at 4.] Mr. Bolyard further argues that there is "no evidence" that the Court intended to sentence him above the guideline, and that, to the contrary, "the sentencing pronouncement indicated the Court intended to sentence Bolyard to a term within the Guideline." [Filing No. 86 at 5.]

In response, the Government argues that the Court "was correct to impose a lifetime term of supervised release at sentencing," and that its "reasons under section 3553(a) remain true today." [Filing No. 87 at 1.] The Government points out that Mr. Bolyard "has violated his release conditions numerous times, including committing another felony offense." [Filing No. 87 at 1.] The Government acknowledges that Mr. Bolyard "is correct that the 'range' here is an exact five years, and not five years up to life," but argues that the ranges set forth in the Guidelines "are advisory, of course, and variances are warranted when supported under 3553(a)." [Filing No. 87

5

at 8.] The Government further argues that the Court "articulated its original justification for lifetime supervision solely in terms of its 3553(a) analysis" of the facts and circumstances present in Mr. Bolyard's case, and the Court's "rationale remains especially true today." [Filing No. 87 at 8.]

18 U.S.C. § 3583(c) provides that "in determining whether to include a term of supervised release . . . the length of the term[,] and the conditions of supervised release," courts "shall consider" several factors set forth in the statute governing the imposition of a sentence, 18 U.S.C. § 3553(a). The applicable § 3553(a) factors are as follows:

- "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);
- the need for supervised release "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(B)-(D);
- applicable guidelines and pertinent policy statements issued by the Sentencing Commission, 18 U.S.C. § 3553(a)(4)-(5);
- "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); and
- "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7).

In *United States v. Kappes* the Seventh Circuit set forth a comprehensive history of supervised release, finding that it "was not intended to be imposed for the purposes of punishment or incapacitation, 'since those purposes will have been served to the extent necessary by the term of imprisonment.'" 782 F.3d 828, 836 (7th Cir. 2015) (quoting S. Rep. No. 98–225, at 125

6

(1983), *reprinted in* 1984 U.S.C.C.A.N. 3182). After discussing the § 3553(a) factors, the Court stated that "[u]nfortunately, applying this 'vague and general' list of unweighted factors to a specific case is unwieldy in practice, 'and cannot yield an objective result.'" *Id*. at 845 (quoting *United States v. Siegel*, 753 F.3d 705, 707 (7th Cir. 2014)). Instead, the Court explained that a judge "need not address every factor in checklist fashion, explicitly articulating its conclusions regarding each one," but "may simply give an adequate statement of reasons, consistent with § 3553(a), for thinking the sentence . . . is appropriate." *Id*. at 845 (citations and quotations omitted). The Court cautioned that "the more onerous the term [of supervised release], the greater the justification required—and . . . a term can become onerous because of its duration as well as its content." *Id*. at 845-46 (quoting *United States v. Quinn*, 698 F.3d 651, 652 (7th Cir. 2012)).

In this case, the term of supervised release that the Court included in Mr. Bolyard's sentence in 2013, [Filing No. 27], and reiterated in 2016, [Filing No. 59], was imposed pursuant to the standards set forth in 18 U.S.C. § 3583 and the factors set forth in 18 U.S.C. § 3553(a). The Court did precisely what was required under *Kappes* – it gave an adequate statement of reasons, consistent with § 3553(a), for finding that the term of supervised release was appropriate. In general, the Court considered the "nature and circumstances" of Mr. Bolyard's offense pursuant to 18 U.S.C. § 3553(a)(1). More specifically, the Court determined that a lifetime of supervised release was to keep Mr. Bolyard "constantly reminded" of what his obligations are and "constantly motivated to comply with the law." [Filing No. 62 at 27.] This finding fits squarely within the § 3553(a) goal of affording "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Further, the Court stated that the term of supervised release would "ensure" that Mr. Bolyard would "respect the law," that "children will be kept safe," and that "parents can know" Mr. Bolyard's whereabouts "as the sex offender registration enables them to do." [Filing No. 62 at 27.] This

7

finding speaks to the § 3553(a) goal of protecting "the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The fact that the Court's prediction that a lifetime of supervised release would deter Mr. Bolyard from further violations did not come to pass is of no moment. As the Seventh Circuit noted in *Kappes*, "[a] judgeship does not come equipped with a crystal ball." *Kappes*, 782 F.3d at 838. Nevertheless, the Court complied with 18 U.S.C. § 3583 by grounding its imposition of a lifetime term of supervised release in the factors set forth in 18 U.S.C. § 3553(a).

As noted, Mr. Bolyard relies heavily on *United States v. Goodwin*, which was decided by the Seventh Circuit a few weeks after Mr. Bolyard was sentenced in 2013. 717 F.3d 511 (7th Cir. 2013). In *Goodwin*, an individual who "pleaded guilty to knowingly failing to register and update a registration as a sex offender" was sentenced to a prison term, "followed by a life term of supervised release." *Id*. at 513. The district court "did not announce the advisory Guideline range from which it chose the lifetime term, but it did indicate in the written judgment that the [presentence report] was accepted 'without change.'" *Id*. at 518. The Seventh Circuit determined that nothing about the "failure to register demonstrates that it is a sex offense," and therefore the guideline range should have been five years, not five years to life. *Id*. at 520. It then noted that the "district court plainly erred in its adoption of the [presentence report's] erroneous calculation of the advisory Guidelines range for [the] term of supervised release," and went on to note that

> [a]lthough the district court did not specifically cite the report or the Guidelines in explaining the length of supervised release that it imposed during [the] sentencing hearing, it is no stretch to infer that the [presentence report's] recommended life term of supervised release impacted the court's imposition of a life term.

*Id*. at 520-21.

Mr. Bolyard's case is distinguishable from *Goodwin* on several fronts. In *Goodwin*, the Seventh Circuit observed that the district court had accepted the presentence report "without change." 717 F.3d at 518. By contrast, in sentencing Mr. Bolyard, this Court accepted the

8

presentence report "as its findings of fact in the case and accept the report for the record under seal." [Filing No. 62 at 17.] The Court did not, however, explicitly adopt the presentence report's erroneous calculation of the advisory guidelines, and even if it had, its imposition of a lifetime term of supervised release was grounded in the § 3553(a) factors, not on any guideline range set forth in the presentence report. While *Goodwin* is silent as to whether the district court appropriately considered the § 3553(a) factors, in Mr. Bolyard's case, as the Court previously found, this Court considered the § 3553(a) factors as required by 18 U.S.C. § 3583. Accordingly, *Goodwin* does not alter the Court's determination that Mr. Bolyard's sentence was appropriate.

Similarly misplaced is Mr. Bolyard's argument that there "is no evidence the Court intended to sentence [him] above the guideline." [Filing No. 86 at 5.] This argument misses the point. The Court clearly tied the imposition of supervised release to the § 3553(a) factors and no more is needed. Further, the Court did advise Mr. Bolyard that the federal sentencing guidelines are "simply advisory, they are not mandatory," and informed him that the Court does not "have to follow them." [Filing No. 62 at 8.]

As a final matter, it bears note that this objection came before the Magistrate Judge and is now before this Court because Mr. Bolyard has been non-compliant with the terms of his supervised release by testing positive for cocaine use. [Filing No. 83.] This, however, is only the most recent violation, and it comes after numerous other violations in 2015 and 2016 involving Mr. Bolyard's repeated cocaine use, failure to comply with treatment, failure to pay fines, having been arrested, and having been charged with multiple crimes including theft, reckless driving, and resisting law enforcement. [Filing No. 44; Filing No. 45; Filing No. 58, Filing No. 59.] Far from demonstrating that a lifetime of supervised release is inappropriate, Mr. Bolyard's repeated violations underscore the importance of the Court's desire to keep him "constantly reminded" of

9

his obligations to "ensure" that he "will respect the law," that "children will be kept safe, and that "parents can know where [he is] as the sex offender registration enables them to do." [Filing No. 62 at 27.] To be clear, the Court's adoption of the Magistrate Judge's Report and Recommendation is based on its prior proper consideration of the § 3553(a) factors in imposing a lifetime term of supervised release, but Mr. Bolyard's conduct since the imposition of supervised release does nothing to bolster his argument that he needs "no further supervision." [Filing No. 86 at 5.] Based on his repeated violations, the exact opposite appears true.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Mr. Bolyard's Objection to Report and Recommendation [86] and **ADOPTS** the Magistrate Judge's Report and Recommendation, [83].

Date: 4/18/2019

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**