UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0012-JMS-DML |
| | ) | |
| TODD D. BOLYARD, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinton, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petitions") filed on March 26, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on April 6, 2021, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 6, 2021, defendant Todd D. Bolyard appeared in person with his appointed counsel, Michael Donahoe.  The government appeared by Nick Linder, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Bolyard of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Bolyard questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Bolyard and his counsel, who informed the court they had reviewed the Petition and that Mr. Bolyard understood the violations alleged. Mr. Bolyard waived further reading of the Petition. The court summarized the allegations.

3. The court advised Mr. Bolyard of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Bolyard was advised of the rights he would have at a preliminary hearing. Mr. Bolyard stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. Bolyard of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Bolyard, by counsel, stipulated that he committed Violation Numbers 1 and 2, set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must refrain from any unlawful use of a controlled substance."** |

On March 16, 2021, the offender submitted a urine specimen which tested positive for cocaine. This offender has a long history of cocaine abuse. The probation officer has not been able to confront the offender regarding this test as he has absconded form supervision. The sample has been sent to Alere Laboratory for confirmation.

As previously reported to the Court, on October 12, 2020, the offender submitted a urine specimen which tested positive for cocaine. He admitted using cocaine.

| | |
|---|---|
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide b the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |

Based on his drug addiction history, Mr. Bolyard was referred for drug treatment when he began supervised release. In October 2020, he tested positive for cocaine and his drug treatment was increased to three sessions per month. The offender last attended a drug treatment session on February 20, 2021. He has not participated in counseling since that time. Additionally, Mr. Bolyard only attended one drug treatment session in February 2021, two in January 2021, and one in November and December 2020.

6. The court placed Mr. Bolyard under oath and directly inquired of Mr. Bolyard whether he admitted violation numbers 1 and 2 of his supervised release set forth above. Mr. Bolyard admitted the violations.

7. Government orally moved to withdraw the remaining violations, which motion was granted by the court.

8. The parties and the USPO further stipulated that:

    (a)    The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)    Mr. Bolyard's criminal history category is V.

    (c)    The range of imprisonment applicable upon revocation of Mr. Bolyard's supervised release, therefore, is 18 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of eighteen (18) months with lifetime supervision to follow. Defendant requested placement at USP Marion. The court determined the recommendation to be reasonable and appropriate.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, TODD D. BOLYARD, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with lifetime supervision to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact

with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with he conditions of supervision.

   Justification: These conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.

14. You shall pay the cost associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: substance abuse treatment, substance abuse testing, and mental health treatment.  The probation office shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program.  The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc).  The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved the probation officer.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical

practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

    Justification: The offender has a history of drug use and addiction. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

20. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

21. All employment shall be approved in advance by the probation officer.

    Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

22. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

    Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

23. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

24. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

    Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

25. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

    Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

26. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

    Justification: The offender has a long history of using and possessing drugs. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

27. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

    Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

Defendant Bolyard reviewed the foregoing conditions and they were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.  The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Bolyard stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Bolyard entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Bolyard's supervised release, imposing a sentence of imprisonment of eighteen (18) months with lifetime supervision to follow.  The Magistrate Judge makes a recommendation of placement at USP Marion.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.
Date: 4/21/2021

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

8

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system